GEORGE S. CARDONA
Acting United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
RANEE KATZENSTEIN (CA Bar No. 187111)
Assistant United States Attorney
Deputy Chief, Major Frauds Section
CHERYL O'CONNOR MURPHY (CA Bar No. 173897)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2432/0759
     Facsimile: (213) 894-6269
     E-Mail:   ranee.katzenstein@usdoj.gov
               cheryl.murphy@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR No. 09-757-JFW |
| Plaintiff, | ) GOVERNMENT'S RESPONSE TO THE PRESENTENCE REPORT FOR DEFENDANT BRADLEY L. RUDERMAN |
| v. | ) |
| BRADLEY L. RUDERMAN, | ) Hearing Date: December 7, 2009 |
| Defendant. | ) Hearing Time: 10:00 a.m. |

Plaintiff United States of America, by and through the United States Attorney for the Central District of California, hereby concurs in the factual findings, with two exceptions, and sentencing guidelines calculations of the Presentence Report ("PSR") prepared by the United States Probation Office and disclosed on November 2, 2009.  The government objects to certain facts stated in paragraphs 39 and 41 of the PSR, but not to the

sentencing calculations contained therein.

Specifically, paragraph 39 indicates that the parties have stipulated in the factual basis of the plea agreement that "the instant offense involved a loss of approximately $44.3 million." (PSR ¶ 39). More accurately, the parties stipulated that defendant induced victim-investors to give approximately $44.3 million to him, and that of this amount, $19.2 million was distributed back to victim-investors. (Plea Agreement, Factual Basis ¶ C.10). Under <u>United States v. Van Alstyne</u>, 2009 WL 3381144 (9th Cir. 2009), the amount of loss is therefore $25.1 million. Because this amount is greater than $20 million but less than $50 million, the PSR's calculation of a 22-level increase under U.S.S.G. § 2B1.1(b)(1) is correct.

Paragraph 40 indicates that the parties have stipulated in the plea agreement that the instant offense involved "at least 22 victims who suffered an actual loss." (PSR § 40). Although the parties did stipulate that Ruderman induced "at least 22 victim-investors" to give money to him (Plea Agreement, Factual Basis ¶ C.10), not all of the investors suffered an actual loss. According to the Victim List of Individuals provided by the Probation Office, 16 individuals who suffered an actual loss through defendant's scheme have been identified to date. Because the offense involved more than 10 victims who suffered an actual loss, the PSR's calculation of a two-level increase under U.S.S.G. § 2B1.1(b)(2) is correct.

Finally, pursuant to its obligations under the plea agreement, the government confirms that, at the time of sentencing, provided that defendant complies with his obligations

under the plea agreement, the government will move for a one-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b) because defendant timely notified the government of his intention to enter a guilty plea. (See PSR ¶ 47). The government also confirms that it recommends that defendant receive a two-level reduction in offense level pursuant to the Court's authority under <u>United States v. Booker</u>, 534 U.S. 220 (2005), and 18 U.S.C. § 3553(a) because defendant has demonstrated extraordinary acceptance of responsibility in this case. Provided that the total offense level calculated by the Court at sentencing is 30 or greater, the government will recommend a sentence at the low-end of the applicable range.[1]

November 16, 2009           Respectfully Submitted,

                            GEORGE S. CARDONA
                            United States Attorney

                            CHRISTINE C. EWELL
                            Assistant United States Attorney
                            Chief, Criminal Division


                            /s/
                            RANEE A. KATZENSTEIN
                            CHERYL O'CONNOR MURPHY
                            Assistant United States Attorneys

                            Attorneys for Plaintiff
                            United States of America

---

[1] The government will file its Position Regarding Sentencing as well as its response to defendant's objections, if any, to the United States Probation Office's Presentence Report, with its response to defendant's anticipated Sentencing Memorandum.